JOHN D. HARRISON v. JOHN MAXWELL, GEORGE SPOT-
TISWOOD AND JAMES BELL.

1. On the appointment of a receiver under the act concerning executions,
   so far at least as concerns the personal property, choses in action and
   equitable interests of the debtor, the title passes to the receiver in vir-
   tue of his appointment, without any formal assignment by the debtor.

2. Where property levied on by an officer by virtue of an execution has
   been taken from his custody by a writ of replevin, the replevin bond
   is substituted in the place of the levy; and if the officer deprives the
   plaintiff in the execution of the advantages to be derived from the
   bond by surrendering it or canceling a judgment recovered on it, an
   action will lie against him for a breach of duty in not making the
   money under his process.

3. Securities taken by officers in the execution of process, are regarded
   as securities held by them in trust for parties whom they represent in
   an official capacity; and courts of law will extend a liberal protection
   over the rights of parties equitably interested, against the acts of mere
   nominal parties.

4. But the court will not set aside a release given by the party on the
   record, unless the person beneficially interested owns the entire inter-
   est in the suit, or the party releasing is insolvent.

5. C. H. recovered a judgment against C. H., Jr.; execution issued to the
   sheriff of the county of E., and was levied on certain goods and chat-
   tels. M. sued out replevin, claiming the goods and chattels levied on
   as his property. In the replevin suit the goods and chattels were
   found to be the property of the defendant in the execution; the sheriff
   took an assignment of the replevin bond and sued on it in his own name
   and recovered a judgment *nisi.* One O. B. subsequently recovered a
   judgment against C. H., the plaintiff in the execution under which the
   levy was made; O. B.'s judgment was for a sum much less than the
   value of the goods and chattels levied on. A receiver was appointed
   *in supplementary proceedings under the last-mentioned judgment.*
   Afterward the sheriff, by direction of C. H., entered satisfaction of
   record of the judgment in the replevin suit, and the receiver applied
   to have that satisfaction vacated. *Held,* (1) that the equitable interest
   of C. H. in the replevin bond passed to the receiver in virtue of his
   appointment as such, and that, so far as concerned the rights of the re-
   ceiver, the cancellation of the judgment was wrongful; (2) that inas-
   much as the whole sum recoverable as damages upon the replevin
   bond was not required to satisfy the judgment under which the re-
   ceiver was appointed—the residue thereof being due to C. H.—the
   court would not vacate the satisfaction of record, there being no proof
   that the sheriff was not of sufficient ability to respond to the receiver
   for his damages.

On rule to show cause.

John D. Harrison, sheriff of the county of Essex, in November, 1876, levied on certain blue stone as the property of Cornelius Hannon, Jr. The levy was made under an execution issued on a judgment recovered in this court by Cornelius Hannon, Sr., against Cornelius Hannon, Jr., for about $12,000.

The property levied on had, a short time before the levy, been bought by Hannon, Jr., of John Maxwell, on credit. Maxwell, on an allegation. that the sale was induced by fraud, sued out a writ of replevin against the sheriff to recover the property levied on, in which the property replevied was valued at the sum of $2580. The writ of replevin was directed to the coroners of the county of Essex, and Maxwell gave a replevin bond to the coroner, pursuant to the statute, conditioned for the return of the property in case a return should be awarded. Spottiswood and Bell became sureties on the bond.

The replevin suit was tried and resulted in a verdict for the defendant, whereupon a judgment was entered awarding a return of the property.

April 18th, 1877, judgment was entered in the replevin suit.

June 23d, 1877, Harrison took an assignment of the replevin bond, and July 3d, 1877, brought suit on it in this court against all the obligors.

October 8th, 1877, interlocutory judgment by default was entered in favor of Harrison.

Besides his replevin suit against the sheriff, Maxwell brought an action of trover against Cornelius Hannon, Jr., to recover of him damages for the conversion of the same and other stone not levied on, on the same allegation of fraud inducing the purchase.

The suit in trover was tried September Term, 1877, and resulted in a judgment in favor of the plaintiff for $4500.

April 14th, 1879, Morgan J. O'Brien recovered a judg-

ment in the Circuit Court against Cornelius Hannon, Sr., for $465.74. Execution was issued on this judgment and returned unsatisfied.

August 21st, 1879, an order for discovery was made in the O'Brien suit, commanding Cornelius Hannon, Sr., to appear before a commissioner on the 26th of August, 1879, to make discovery; and on the 3d. of September, 1879, Elvin W. Crane was appointed receiver of the property and things in action of Cornelius Hannon, Sr., and Hannon was ordered to convey and deliver such property and things in action, and the evidence thereof, to the receiver, pursuant to the statute.

On the 15th of March, 1881, a warrant to satisfy the judgment in the case of Harrison v. Maxwell, Spottiswood and Bell, in the suit on the replevin bond, was signed by Mr. Leonard, the attorney on record of the plaintiff, and on May 19th, 1881, satisfaction of the judgment was entered.

Crane, the receiver in the O'Brien suit, applied to this court to have the satisfaction vacated of record; this rule to show cause was allowed, and depositions have been taken under the rule.

Argued at February Term, 1882, before Justices DEPUE, VAN SYCKEL and PARKER.

For the rule, *F. W. Stevens.*

*Contra, Joseph Coult.*

The opinion of the court was delivered by

DEPUE, J. The order appointing Crane receiver in the O'Brien suit was signed on September 3d, 1879. The arrangement for the satisfaction of the judgment in the suit on the replevin bond was not made until March, 1881.

We think it is clear that whatever interest, direct or indirect, Cornelius Hannon, Sr., had in the suit on the replevin bond, passed to Crane, as receiver, in virtue of his appointment. There is a distinction between a receiver appointed

*pendente lite* in equity, and a receiver appointed in supplementary proceedings. This distinction is pointed out by the Chief Justice in *Miller* v. *Mackenzie*, 2 *Stew*. 291. The act authorizing the appointment of a receiver in supplementary proceedings empowers a judge to make an order appointing a receiver of the property and things in action belonging or due to or held in trust for the judgment debtor, who thereby shall receive authority to possess, receive, and, if need be, in his own name, sue for such property or thing in action. *Rev., p.* 394, § 26. With regard at least to the personal property, choses in action and equitable interests of the debtor, the title passes to the receiver in virtue of his appointment, without any formal assignment by the debtor. *Wilson* v. *Allen*, 6 *Barb.* 543; *Porter* v. *Williams*, 5 *Seld.* 142; *High on Receivers*, § 443; *Freem. on Executions*, § 420.

When the order appointing Crane receiver was made, the judgment of Cornelius Hannon, Sr., *v.* Cornelius Hannon, Jr., was one of the choses in action which immediately passed to the receiver. The execution issued upon it had been executed by a levy on personal property which was determined in the replevin suit to have been the property of the defendant in execution, and liable to seizure and sale for the payment of the judgment. The property having been taken from the sheriff's custody by the writ of replevin, so that a sale of it was impracticable, the replevin bond was substituted in the place of the levy. It was the security the law gave the officer that the property should be returned to him for sale if it should be adjudged in the replevin suit to be the property of the defendant in execution. On such a determination in the action in replevin, it was the duty of the officer to proceed with the execution of his process, and to use all reasonable efforts to obtain the property to sell it. The execution creditor, on a tender of indemnity, might require the officer to allow suit to be brought on the bond in his name, and the damages recovered would be money made by the officer under and by virtue of his process. In *Townshend* v. *Simon*, 9 *Vroom* 239, this court held that the damages recovered by the sheriff

for a breach of the conditions of sale by a purchaser who refused to comply, were moneys raised under the process, and to be accounted for as such.

It will follow from a consideration of the purpose for which such a bond is given, and the duty of the officer in the premises, that if the officer deprives the plaintiff in the execution of the advantages to be derived from the bond, by surrendering it or canceling a judgment recovered on it, an action would lie against him for a breach of duty in not making the money under the process. In this case the cancellation of the judgment in the suit on the replevin bond was made after the judgment in the suit of Hannon v. Hannon became vested in the receiver; and a wrongful act of cancellation then done would be an injury to the rights of the receiver. The contention that this is an effort of the receiver to recover damages for a tort done to Hannon is without foundation.

Nor can the receiver be prejudiced by the compromise which resulted in the satisfaction of the judgment.

The arrangement in pursuance of which the satisfaction-piece was given was as follows: The recovery of the judgment by Maxwell against Cornelius Hannon, Jr., in the action of trover, had given rise to proceedings in chancery for relief against the judgment in the replevin suit, on the ground of newly-discovered evidence of fraud and collusion in the purchase of the stone by Cornelius Hannon, Jr. These proceedings were pending, and in March, 1881, negotiations were entered upon between Maxwell and the two Hannons for a settlement. The result of the negotiations was that an agreement was made that the judgment against Cornelius Hannon, Jr., in the trover suit, and the judgment in the suit on the replevin bond, "should stand off, one against the other." No consideration was given in this transaction, except that $100 was paid to Mr. Leonard for his costs in the several suits. The only parties to this settlement were Maxwell and the two Hannons.

Before this arrangement was made, all the parties concerned in it had legal notice of Crane's appointment as re-

ceiver. Mr. Leonard was the attorney on record of Harrison in the replevin suit, and also his attorney in the suit on the replevin bond, and signed the satisfaction-piece. He was also the attorney of Cornelius Hannon, Sr., in the O'Brien suit, and was present when the receiver was appointed and consented to the appointment. Notice of the appointment was served on the attorney of Maxwell and on Spottiswood and Bell, on September 8th, 1879, and on Mr. Leonard on September 16th, 1879.

The receiver had done everything in the way of notice that was necessary to protect the rights of those whom he represented. Neither he nor the attorney of O'Brien had any knowledge of the settlement until after satisfaction of the judgment was entered. Nor had Mr. Leonard authority to consent to the cancellation, to the prejudice of the receiver's rights, in virtue of the fact that he was attorney on record for the plaintiff in the Hannon judgment; for the order appointing the receiver vested in the latter the rights of Cornelius Hannon, Sr., in that judgment, so far as was required to pay O'Brien's debt; and Mr. Leonard was not the receiver's attorney. He says that in signing the satisfaction-piece he acted under the direction of the attorney in fact of Cornelius Hannon, Sr.

But we think the receiver cannot have his remedy on this rule under the facts of this case.

The replevin bond was given to the coroner who served the writ. Section 7 of the Replevin act provides for an assignment of a replevin bond to a defendant in the suit, but not to any other person. *Rev., p.* 972. The plaintiff in the execution was not a party to the suit, and could not have taken an assignment of the bond to himself and sued on it in his own name.

Courts have undoubtedly shown a disposition to regard securities taken by officers in the execution of process as securities held by them in trust for parties whom they represent in an official capacity. In *Shann* v. *Jones,* 4 *C. E. Green* 251, 254, Chancellor Zabriskie considered a sheriff, in selling lands

under execution, so far the representative and trustee of persons interested in the process as not to have the power to relieve a purchaser from an advantageous sale, or to yield up any substantial right affecting the parties. Courts of law have also extended a liberal protection over the rights of parties equitably interested in suits against the acts of mere nominal parties. The equitable rights of an assignee will be protected, and the cancellation of a judgment by the nominal party on the record, after it had been assigned, will be' vacated. *Keogh* v. *Delany,* 11 *Vroom* 97.

But the precedents cited for setting aside a release by the party on the record, (*Payne* v. *Rogers,* 1 *Doug.* 407; *Manning* v. *Cox,* 7 *J. B. Moore* 617; *Hickey* v. *Burt,* 7 *Taunt.* 48,) are cases in which the person beneficially interested owned the entire interest in the suit, and the party releasing was prosecuting simply as a trustee representing the former's interest, (*Phillips* v. *Clagett,* 11 *M. & W.* 84, 91, 94; *Rankine* v. *Gandell,* 15 *Id.* 304;) or was a pauper, (*Wright* v. *Burroughes,* 3 *C. B.* 344.)

In this case the chattels replevied were valued at $2580. The O'Brien judgment against Cornelius Hannon, Sr., is for the sum of $465.74. The receiver's interest in the amount recoverable in the suit on the replevin bond is only for so much thereof as may be necessary to pay that judgment-debt, interest and costs, with receiver's fees and expenses. The balance is due to Cornelius Hannon,· Sr., on his judgment against Cornelius Hannon, Jr. To that extent Cornelius Hannon,' Sr., might give the sheriff an acquittance, though he could not lawfully authorize the surrender of the suit on the bond to the prejudice of the interests of the receiver. There is no pretence that the sheriff is not of abundant ability to respond to the receiver in damages for the wrongful cancellation of the judgment; and he has not joined with the receiver in this application.

The rule to show cause should be discharged, without costs, and without prejudice to another application, if it be found to be necessary.